**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HECTOR RAMON SANABRIA, : | |
| : | Civil Action No. 04-3686 (KSH) |
| Petitioner, : | |
| : | |
| v. : | O P I N I O N |
| : | |
| ROY L. HENDRICKS, et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

Hector Ramon Sanabria, <u>Pro Se</u>
#921980A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Steven E. Braun
Chief Assistant Prosecutor
Office of the Passaic County Prosecutor
Administration Building
401 Grand Street
Paterson, NJ 07505-2095

**HAYDEN, District Judge**

Petitioner, Hector Ramon Sanabria, filed the within petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondents have filed an Answer. The Court has considered all submissions. For the reasons set forth below, the Petition will be denied.

## BACKGROUND

1. **Factual Background**[1]

On December 3, 1984, Petitioner and an associate picked up numerous bags of cocaine and went to a diner in Paterson to sell them. Petitioner went inside the diner and left two associates outside, who were selling the drugs. One of the sellers became involved in an argument with the two victims, Edwin and Nelson Aponte. The Aponte brothers were attempting to steal drugs in response to an earlier claimed "rip off" where they were apparently sold fake drugs.

During the argument, which involved a foot chase around a car with a knife, Petitioner appeared and was told of the situation. Petitioner told one of the Aponte's that the drugs were his, and the Aponte told him that he did not care, he was going to take them.

Petitioner then walked over to an associate, obtained a gun and shot one of the Aponte's from about four to five feet away, saying that he could not take something that belonged to Petitioner. After the one brother was shot, the other brother turned as if attempting to run away. However, Petitioner shot him also, saying again that he was not going to take something

---

[1] This factual background, which is not all-inclusive, was taken from the opinion by the Superior Court of New Jersey, Law Division, denying Post-Conviction Relief. The opinion is located in the record provided by Respondents.

that was Petitioner's. Testimony revealed that five shots were fired during the encounter.

2. **Procedural Background**

Petitioner was indicted for the killing of the Apontes in Passaic County Indictment No. 492-85E. The indictment charged Petitioner with murder, contrary to N.J.S.A. 2C:11-3a(1) and 2C:11-3a(2) (counts one and two); unlawful possession of a weapon, contrary to N.J.S.A. 2C:39-5b (count three); possession of a weapon for an unlawful purpose, contrary to N.J.S.A. 2C:39-4A (count four); possession of prohibited weapons or devices, contrary to N.J.S.A. 2C:39-3f (count five); and certain persons not to have weapons, contrary to N.J.S.A. 2C:39-7 (count six).

Trial on this matter was conducted from July 7 through July 15, 1986 in the Superior Court of New Jersey, Law Division, Passaic County. On July 15, 1986, the jury found Petitioner guilty on counts one through four, but not count five. Count Six was severed before trial. On September 19, 1986, Petitioner was sentenced to consecutive terms of 30 years incarceration, with parole ineligibility. Concurrent five-year sentences were imposed for the weapons charges.

Petitioner appealed and on October 12, 1988, the Appellate Division affirmed the conviction, but remanded the matter for re-sentencing. Petitioner's petition for certification to the New Jersey Supreme Court was denied on December 7, 1989.

Petitioner filed a pro se Petition for Post-Conviction Relief ("PCR") on July 25, 1990. On May 16, 2000, the matter were heard before the Law Division. By letter opinion dated June 29, 2000, the petition was denied. Petitioner appealed to the Appellate Division, which affirmed the denial on March 12, 2003. The New Jersey Supreme Court denied Petitioner's petition for certification on September 8, 2003.

The instant petition was received on August 3, 2004, and filed on August 19, 2004. On September 24, 2004, Petitioner was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). On November 23, 2004, Respondents filed an Answer and the state court record. On December 7, 2004, Petitioner filed a motion for leave to file a traverse, which was granted on May 24, 2005. Petitioner has not filed a Traverse.

**DISCUSSION**

**A.   Petitioner's Claims.**

Petitioner asserts the following arguments for habeas relief:

1. Petitioner was denied effective assistance of appellate counsel because counsel did not present certain issues on direct appeal.

2. Petitioner was denied due process due to improper charges to the jury; the trial court erred in not charging the jury on imperfect self-defense, and not charging that the State has the burden of disproving passion/provocation.

See Petition for Writ of Habeas Corpus, Statement of Case.

Petitioner has raised the instant claims before the New Jersey state courts. Therefore, they are properly before this Court for a decision on the merits. See 28 U.S.C. § 2254(b)(1).

**B.    Standards Governing Petitioner's Claims.**

Section 2254 of Title 28, United States Code, provides that the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give considerable deference to determinations of the state trial and appellate courts. See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(citing Parke v. Raley, 506 U.S. 20, 36 (1992)).

Section 2254(d) sets the standard for granting or denying a writ of habeas corpus. The statute reads as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

>     determined by the Supreme Court of the United
>     States; or
>
>     (2) resulted in a decision that was based on
>     an unreasonable determination of the facts in
>     light of the evidence presented in the State
>     court proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Supreme Court explained the application of § 2254(d)(1). The Court analyzed subsection 1 as two clauses: the "contrary to" clause and the "unreasonable application" clause. The Court held that under the "contrary to" clause, "a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Id.</u> A federal court may grant the writ under the "unreasonable application" clause, if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413. Habeas relief may not be granted under the "unreasonable application" clause unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. <u>See</u> <u>id.</u> at 411; <u>see also</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 197 (3d Cir. 2000),

6

cert. denied, 532 U.S. 980 (2001); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir.), cert. denied, Matteo v. Brennan, 528 U.S. 824 (1999). Thus, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent. See Werts, 228 F.3d at 197; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

With regard to 28 U.S.C. § 2254(d)(2), a federal court must confine its examination to evidence in the record. See Abu-Jamal v. Horn, 2001 WL 1609690, at *12 (E.D. Pa. December 18, 2001). In addition, the state court record should be reviewed to assess the reasonableness of the state court's factual determinations. See id. Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court." Id.; see also 28 U.S.C. § 2254(e)(1). The Court of Appeals for the Third Circuit has ruled that this presumption of correctness can be overcome only by clear and convincing evidence. See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001)(citing 28 U.S.C. § 2254(e)(1)). "A finding that is well-supported and subject to the presumption of correctness is not unreasonable." Abu-Jamal, 2001 WL 1609690 at *12 (citing Duncan, 156 F.3d at 198).

7

Furthermore, federal habeas courts ordinarily refrain from revisiting credibility determinations as "it would be wholly inappropriate for a federal court to repastinate soil already thoroughly plowed and delve into the veracity of the witnesses on habeas review." Sanna v. Dipaolo, 265 F.3d 1, 10 (1st Cir. 2001). A habeas petitioner therefore "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

C. **Petitioner's Ineffective Assistance of Counsel Claims**

Petitioner argues that appellate counsel presented three issues on direct appeal. However, Petitioner states that appellate counsel failed to raise the following on direct appeal: (1) that the trial court failed to inform the jury of the State's burden to disprove passion/provocation; (2) that the trial court

refused to re-charge imperfect self-defense; (3) that the sequential murder charge was erroneous; and (4) that the trial attorney failed to advise the trial court of its omission to enter an order for a motion filed for a judgment of acquittal. (Petition, pp. 13-14).

Respondents argue that the failure of appellate counsel to raise these issues does not warrant habeas relief, as the claims were meritless, and/or the decision not to raise them was strategic.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Id. at 694. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

9

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 690-91. If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of Strickland. See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right. See Evitts v. Lucey, 469 U.S. 387 (1985). The Strickland standard for effective assistance of counsel applies to appellate counsel. See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004). Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while

10

pursuing issues that were clearly and significantly weaker," <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir. 1994).

Here, the state courts found meritless the claims that Petitioner alleges should have been raised on appeal. First, Petitioner's claim that appellate counsel should have raised the issue that the trial judge should have charged the jury that the State must disprove passion/provocation was found to be without merit under New Jersey state law. The PCR judge considered that claim, along with the claim that the trial court erred in giving a sequential murder charge. The PCR judge found:

> . . . . There is ample support in the record that any passion/provocation resulting from the victim's attempted theft had receded by the time defendant walked over, retrieved a gun and while the victims were just standing there, shot them to death. Moreover, as to one of the victims, there was no evidence whatsoever that he participated in any of the events immediately preceding the shooting that could remotely be construed as a basis for passion/provocation.
>
> In addition, defendant's claim of passion provocation is extremely weak. A careful reading of the trial testimony amply supports a conclusion that the defendant was more concerned with the possible theft of his cocaine rather than the potential threat to the physical welfare of his drug ring associates.

(PCR Opinion, pp. 8-9). The PCR judge also analyzed New Jersey state law to determine that the trial court did not err in giving a sequential murder charge.

With regard to Petitioner's claim that appellate counsel should have raised the claim on direct appeal that the trial

11

court did not re-charge the jury on imperfect self-defense, the PCR judge found:

> The doctrine of imperfect self-defense applies when a non-aggressor defendant has an honest or good faith belief that he is [in] immediate danger of serious bodily injury or death even though the belief is objectively unreasonable. Furthermore, the defendant's assessment that deadly force is required to protect himself or another may also be honest but unreasonable.
>
> The effect of a valid claim of imperfect self-defense is to negate the presence of malice that is predicate to a finding of first degree murder and permit the defendant to be convicted of the lesser crime of manslaughter.
>
> Here, the defendant requested the re-charge of imperfect self-defense in response to a jury question requesting clarification of manslaughter and aggravated manslaughter. A valid imperfect self-defense can negate the purposeful and knowing state of mind required for murder and thus permit a conviction for manslaughter. It does not however, permit or provide any distinction between reckless or negligent conduct, the respective states of mind that distinguish two types of manslaughter. ...
>
> In this case, the jury question requested an explanation of the two types of manslaughter. Under these circumstances, failure to re-charge imperfect self-defense was not error.

(PCR Opinion, pp. 9-10)(internal citations omitted).

Finally, the PCR judge examined the claim that the trial court erred by denying Petitioner's motion for a judgment of acquittal. In the instant Petition, Petitioner argues that the motion was made, but just not ruled on. Regardless, the PCR judge found:

> On direct appeal, the defendant argued that the trial court erred by denying his motion for a judgment of acquittal. As noted earlier, the appellate panel that considered this claim held that "the State presented overwhelming evidence disclosing that defendant shot and killed Edwin and Nelson Aponte during the course of an argument pertaining to the ownership of drugs. Evidence supporting the defendant's claim of self-defense was extremely weak. Indeed, the trial transcript fairly reeks of defendant's guilt." Given this finding by the Appellate Division with which I am in agreement, any attempt to characterize counsel's failure to file the post-verdict motion as error would necessarily be harmless.

(PCR Opinion, p. 11).

The PCR court not only considered each of these claims raised in the instant petition on the merits, but also in the context of an ineffective assistance of appellate counsel claim. The PCR judge found: "Defendant's contentions of ineffective assistance merely restate his allegations of substantive error already disposed of in this opinion." (PCR Opinion, p. 11). The PCR judge found that Petitioner did not present a <u>prima facie</u> case of ineffective assistance to warrant an evidentiary hearing. The PCR judge cited the correct <u>Strickland</u> standard and applied it to Petitioner's case. (PCR Opinion, p. 6).

The Appellate Division affirmed the PCR judge's decisions, stating: "We affirm substantially for the reasons expressed by [the PCR judge] in his thoughtful and thorough written opinion." (<u>State v. Sanabria</u>, A-1353-00T4, Mar. 12, 2003).

13

This Court finds that Petitioner has satisfied neither <u>Strickland</u> prong. Appellate counsel's performance was not so deficient as to deny Petitioner counsel, because the claims being asserted by Petitioner were found to have no merit under state law. Petitioner has not shown that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.

This Court also finds that Petitioner is attempting to assert state law claims in this federal habeas petition by couching them as ineffective assistance of counsel claims. However, as the state courts applied the correct <u>Strickland</u> standard to the instant claims, and as the underlying claims were found to be without merit under New Jersey state law, the petitioner has not demonstrated that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Accordingly, this ground for a writ of habeas corpus will be denied.

D.  **<u>Petitioner's Jury Charge Claims</u>**.

Petitioner argues that he was denied due process due to improper jury charges. He states that the trial court erred in

not charging the jury on imperfect self-defense, and not charging that the State has the burden of disproving passion/provocation.

These issues were examined in the previous section of this Opinion, but the Court adds the following.

Challenges to jury instructions solely as in error under state law do not state a claim cognizable in federal habeas corpus proceedings. See Engle v. Isaac, 456 U.S. 107 (1982); Zettlemoyer v. Fulcomer, 923 F.2d 284, 309 (3d Cir.), cert. denied, 502 U.S. 902 (1991); Grecco v. O'Lone, 661 F. Supp. 408, 412 (D.N.J. 1987)(Thompson, J.)("Questions concerning instructions are normally matters of state law and are not cognizable in federal habeas corpus review."). The finding by the state appeals court should be "the end of the matter of possible error based on the measuring of the evidence against the state law because state, not federal, courts decide these things." Morgan v. Krenke, 232 F.3d 562, 567 (7th Cir. 2000), cert. denied, 532 U.S. 951 (2001).

Federal courts will evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. See Estelle v. McGuire, 502 U.S. 62 (1991); Cupp v. Naughten, 414 U.S. 141, 146 (1973); Henderson v. Kibbe, 431 U.S. 145, 154 (1977); United States ex rel. Harding v. Marks, 541 F.2d 402, 405 (3d Cir. 1976). The court will then determine whether the ailing instructions so infected the entire

15

trial so that the resulting conviction violated due process rendering the trial fundamentally unfair. See Estelle, 502 U.S. at 71. Thus, the Due Process Clause is violated only where "the erroneous instructions have operated to lift the burden of proof on an essential element of an offense as defined by state law." Smith v. Horn, 120 F.3d 400, 416 (1997); see also In re Winship, 397 U.S. 358, 364 (1970) ("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"); Sandstrom v. Montana, 442 U.S. 510, 523 (1979) (jury instructions that suggest a jury may convict without proving each element of a crime beyond a reasonable doubt violate the constitutional rights of the accused).

Where such a constitutional error has occurred, it is subject to "harmless error" analysis. See Smith v. Horn, 120 F.3d at 416-17; see also Neder v. United States, 527 U.S. 1, 8-11 (1999). "[I]f the [federal habeas] court concludes from the record that the error had a 'substantial and injurious effect or influence' on the verdict, or if it is in 'grave doubt' whether that is so, the error cannot be deemed harmless." Id. at 418 (citing California v. Roy, 519 U.S. 2, 5 (1996)). In evaluating a challenged instruction:

> a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. If the charge as a whole is ambiguous, the question is whether there is a

16

>  reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution.

Middleton v. McNeil, 541 U.S. 433, 436 (2004) (internal quotations and citations omitted).

The Court has reviewed the record and the challenged instructions. The Court finds that the jury instructions did not result in a fundamentally unfair trial or a violation of Petitioner's due process rights. Evidence at trial consisted of various witnesses' testimony, including a police officer, and drug associates of Petitioner. Petitioner asserted that he was not guilty by reason of self-defense. The jury made a credibility determination to believe the state witness' testimony over Petitioner's defenses, and to find Petitioner guilty. Both the PCR judge and the Appellate Division found Petitioner's claims regarding the jury charges to be without merit. However, even if the charges were improper, which neither the state courts nor this Court finds, any error would be considered harmless in that it did not have a substantial effect on the verdict. After a review of the record, this Court agrees with the state courts that the record "reeks" of Petitioner's guilt.

Thus, Petitioner has not demonstrated that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

17

States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Accordingly, this ground for a writ of habeas corpus will be denied.

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 is denied. The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

An appropriate Order accompanies this Opinion.

_____
KATHARINE S. HAYDEN
United States District Judge

Dated: 1/18/06